# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL NAT'L MORTGAGE ASSOC., Plaintiff, | : : : : | |
| v. | : : | CIVL ACTION NO. 21-CV-2322 |
| STEPHEN A LEICHT, *et al.*, Defendants. | : : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                   **JULY 9, 2021**

This matter comes before the Court by way of a Notice of Removal (ECF No. 2) filed by Defendant Stephen A. Leicht, proceeding *pro se*, who removed this action from the Court of Common Pleas for Bucks County, Pennsylvania. Also before the Court is Leicht's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion to Remand (ECF No. 4) filed by Plaintiff, Federal National Mortgage Association ("Fannie Mae"). Because it appears that Leicht is unable to afford to pay the filing fee associated with removal, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Fannie Mae's Motion to Remand and remand this case to the Bucks County Court of Common Pleas for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS

Leicht's Notice of Removal is difficult to understand. He has, however, attached a copy of a Complaint in Quiet Title that was filed by Fannie Mae in the Court of Common Pleas of Bucks County, concerning real property known as 412 Scott Road, Pipersville (Bedminster Township), Pennsylvania, 18947, Tax Parcel No. 01-011-136-019 (the "Property"). (ECF No. 2-1.)  It appears from the Complaint in Quiet Title that, following Leicht's failure to make

installment payments in accordance with a promissory note and mortgage, the Property was sold at a sheriff's sale on March 9, 2018, and Fannie Mae, the holder of the mortgage, was the successful bidder. (ECF No. 2-1 at 6.) The Sheriff's Deed, dated December 7, 2018, was recorded in Bucks County on December 10, 2018. (*Id.*) Prior to the Sheriff's Deed being recorded, but following the sale of the Property to Fannie Mae, Leicht executed a mortgage, both as the mortgagor and as the mortgagee, which was recorded against the Property on November 21, 2018. (*Id.* at 6-7.) On March 5, 2019, Fannie Mae filed its Complaint in Quiet Title, pursuant to Pa. R. Civ. P. § 1061(b)(2), to strike the Leicht Mortgage. (*Id.* at 5, 7.)

Fannie Mae argues that remand is required here because Leicht has failed to comply with 28 U.S.C. § 1446, which requires that a notice of removal be filed within 30 days of receipt of the initial pleading or summons. (ECF No. 2 at 2-3.) Fannie Mae further asserts that Leicht has not presented a basis for the Court's subject matter jurisdiction under federal question jurisdiction, 28 U.S.C. § 1331, and that Leicht is precluded from removing this action under 28 U.S.C. § 1441(b)(2), also known as the forum defendant rule.[1] (*Id.* at 3-6.)

## II. STANDARD OF REVIEW

Because Leicht appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Where a case is removed from state court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded[;]" *see also Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) ("Once a party timely files a motion to remand, § 1447(c)

---

[1] The forum defendant "rule provides that '[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) (citing 28 U.S.C. § 1441(b)(2)).

authorizes a district court to enter a remand order . . . for a 'lack of subject matter jurisdiction.'"). Leicht, as the party removing this action to federal court, bears the burden of establishing federal jurisdiction. *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013) ("[T]he party seeking removal, bears the burden of establishing that federal subject matter jurisdiction exists.") (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). A notice of removal, "shall be filed within 30 days" after defendant receives a copy of the initial pleading or summons and shall include all the state court orders and pleadings. *See* 28 U.S.C. §§ 1446(a)-1446(b)(1). Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The Complaint in Quiet Title was filed on March 9, 2019. (ECF No. 2-1). Leicht filed the Notice of Removal on May 21, 2021, more than two years after the action in quiet title was commenced in state court. In fact, according to the exhibits attached to Fannie Mae's Motion to Remand, the state court dockets indicate that Leicht was personally served with the Complaint in Quiet Title by the Bucks County Sheriff's Department on April 2, 2019. (ECF No. 4-5 at 2.) It appears, therefore, that the Notice of Removal was filed well beyond the thirty-day time limit set forth in 28 U.S.C. § 1446(b)(1).

3

Moreover, in order to remove a case under § 1441 and § 1332, there must be complete diversity of citizenship among the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As Leicht asserts in the Notice of Removal that he is a citizen of Pennsylvania, he may not remove the quiet title action to this Court based on diversity jurisdiction.

Finally, "[i]n order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). The existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). Here, Fannie Mae's Complaint in Quiet Title does not reveal any federal questions on its face. Accordingly, to the extent that Leicht's Notice of Removal asserts any violations of federal law as a defense to the Complaint in Quiet Title, any such assertions do not establish a basis for removal. *See Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015). Accordingly, there is no basis for the Court to exercise subject matter jurisdiction in this action, and remand is appropriate.

## III. CONCLUSION

For the reasons stated, Leicht's application for leave to proceed *in forma pauperis* will be granted, Fannie Mae's Motion to Remand will be granted, and this case will be remanded to the Court of Common Pleas for Bucks County. An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**